## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID WHITMORE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-11-539-R** |
| | ) | |
| **DAVID PARKER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered October 24, 2011 [Doc. No. 26] and Petitioner's objection to the Report and Recommendation filed November 8, 2011 [Doc. No. 27]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objection.

Perhaps Petitioner's primary objection to the Report and Recommendation is based upon his assertion that there was no evidence to support his conviction for being "Present in Unauthorized Area" as defined by the ODOC Policy, Rule Violation 03-1. Petitioner states that that rule does not make being in a part of the correctional facility without permission a rule violation or disciplinary offense and that both the Lawton Correctional Facility and the Magistrate Judge erred in treating the undisputed fact that Petitioner went to and was in the Disciplinary Hearing Officer's ("DHO") office of the facility as being "Present in an Unauthorized Area." Petitioner suggests that the DHO's office would have to have a sign

posted indicating "Restricted Area" or words to that effect for his presence there to be a rule violation.

ODOC Policy defines the violation with which Petitioner was charged and of which he was convicted, Present in Unauthorized Area, 03-1 as follows: "Outside defined boundaries within facility as defined by facility or present in a restricted area." *See* http://www.doc.state.ok.us/offtech/060125aa.pdf/.   It is undisputed that Petitioner was released to go to computer class and instead he went to the DHO's office.  Petitioner's own statement to the Investigator that he was told to come to the DHO's office by Correctional Officer Farnsworth (who, the Investigator determined, did not in fact tell Petitioner this) indicates that Petitioner knew he was not supposed to be at the DHO's office unless directed to be there or given permission to be there by a correctional officer.

Moreover, under the definition of "Present in Unauthorized Area," the facility may define the boundaries outside of which an inmate is not authorized to go.  Obviously, if an inmate, like Petitioner, is released from his cell or unit in the facility to go to a computer class, he is authorized to go to the computer class and the facility defines areas outside the route to the computer class and the classroom in which it is held as outside defined boundaries where the Petitioner was authorized to go.  Accordingly, the Court finds that there was "some evidence" to support the charge and conviction for the rule violation of "Present in Unauthorized Area" and Petitioner was not denied due process on the ground that there was no violation at all and/or that there was no evidence to support the disciplinary

conviction. *See Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Petitioner also maintains that the Magistrate Judge erred in concluding that Petitioner was adequately provided the opportunity to present witnesses and documentary evidence. He states that he requested videotape footage (to support his assertion that Farnsworth told him to go to the DHO's office) and he never saw the videotape, before or during the hearing. He also states that he said he would bring witness statements to the hearing but then at the actual hearing he requested of the hearing officer an opportunity to obtain other witness statements and was denied that opportunity. In motions considered by the Magistrate Judge, Petitioner sought an order directing Respondent to produce the audiotape recording of the disciplinary hearing so that he could prove he requested the opportunity to get other witness statements.

The Court has reviewed the entire record herein. The Offense Report and Investigator's Report reveal that Petitioner was informed of the charge and evidence against him, the date and time of the hearing, Petitioner's right to call witnesses at the hearing which he declined, stating that he would bring "statements" to the hearing, and that he requested the videotape (as "documentary" evidence). This evidence reveals that Petitioner was given notice and the opportunity to obtain witness statements over a period of approximately 24 hours after being notified of the charge, the date and time of the hearing and his right to present witnesses or witness statements at the hearing. Petitioner did in fact present one witness statement. Even assuming that it is true that Petitioner asked the hearing officer for

an additional opportunity to obtain witness statements and the hearing officer denied the request, Petitioner was not denied due process because he was notified of the date and time of the hearing and given the opportunity to call witnesses or present witness statements. Moreover, upon the Court's review of the entire record, the Court agrees with the Magistrate Judge that the record belies Petitioner's statement that he never saw the videotape.

Petitioner also objects to the Magistrate Judge's recommended disposition of motions to stay and amend so that he can obtain the videotape and audiotape. With respect to the videotape, Petitioner did not assert before the Magistrate Judge that the videotape would exonerate him, *see* Report and Recommendation at p. 5 n. 3, but now, for the first time and apparently because the Magistrate Judge pointed this out, *see id.,* he asserts that the videotape would exonerate him because it would show Officer Farnsworth telling Petitioner to go to the DHO's office. But because Petitioner did not raise this issue before the Magistrate Judge, Petitioner waived it. *See e.g., Marshall v. Chater*, 75 F.3d 1421, 1427-27 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Petitioner has no need for the audiotape of the disciplinary hearing because, as explained above, even if the audiotape revealed that the hearing officer would not allow Petitioner additional time or opportunity to obtain additional witness statements, Petitioner was not denied due process. Thus, the audiotape is not material to this proceeding.

Petitioner objects to the Magistrate Judge's recommended denial of his motion to amend his § 2241 petition to add 42 U.S.C. § 1983 claims and bring a "hybrid" complaint. He asserts that the Tenth Circuit case of *Richards v. Bellmon*, 941 F.2d 1015, 1079 (10th Cir.

1991) is authority which supports the bringing of a hybrid action under § 2241 and 42 U.S.C. § 1983. Petitioner is wrong. The Tenth Circuit concluded that Plaintiff's claim was a simple and straightforward claim for injunctive and declaratory relief under § 1983. 941 F.2d at 1018.

In accordance with the foregoing, Petitioner's objection to the Report and Recommendation of the Magistrate Judge is without merit and/or does not require a different result. Therefore, the Report and Recommendation of the Magistrate Judge is ADOPTED, the petition of David Whitmore for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and Petitioner's motion to stay proceedings [Doc. No. 15], motion to amend [Doc. No. 20] and motion for amended hybrid civil rights complaint § 1983/habeas corpus § 2241 [Doc. No. 22] are DENIED.

IT IS SO ORDERED this 10th day of November, 2011.

_David L. Russell_

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**